GRAND ISLE,
*January,*
1841.
―――
Parks
*v.*
Moore.

The judgment of the county court is reversed, and the motion to dismiss overruled.

―――――――

## ELIHU PARKS *v.* JOHN A. MOORE.

Recovery in ejectment is conclusive of title to the land, as between the parties and those claiming under them.

Parol testimony is admissible to show the identity of the subject matter of a former recovery, as well in relation to land as to other matter.

When a defendant in ejectment pleads in bar a former recovery, by his landlord, of the same lands, of the plaintiff, and this is traversed, the plaintiff's testimony must be confined to what disproves the issue, the identity of the land. He is not admitted to go into proof which would have constituted a defence for him in a former action.

EJECTMENT, to recover the seizin and possession of a parcel of land, described as follows :—Beginning at the southeast corner of the first division lot, drawn to the right of Robert Cochran ; thence north 60 deg. east, ninety-nine rods, to the shore of lake Champlain, on the westerly side of North Hero ; thence northerly, twenty-eight rods ; thence easterly, on a line parallel with the first mentioned line, one hundred and three rods, to the shore of lake Champlain, on the easterly side of said North Hero ; thence southerly, on the shore of said lake, to the place of beginning.

The defendant pleaded not guilty, and a special plea in bar. Issues to the country.

The substance of the special plea sufficiently appears from the opinion of the court.

On the trial in the court below, the plaintiff introduced testimony tending to prove that, in April, 1839, the plaintiff was in possession of the premises in dispute, and that he had been in the previous exclusive possession of them for more than fifteen years, claiming title thereto, and that the defendant, in April, 1839, entered upon and took possession of the

premises and kept the plaintiff out. The defendant, to prove his special plea in bar, gave in evidence the record of a recovery of a judgment, in an action of ejectment, at the September term of Grand Isle county court, 1838, in favor of Catherine Moore, administratrix of the estate of John Moore, deceased, against the plaintiff in this suit. The land recovered by the administratrix, in that suit, is described as follows, viz: 'Beginning at the north-east corner of the 'Moore farm, so called, on the lake shore, and running 'thence, on the lake shore, southerly, thirty rods; thence, 'westwardly, parallel with the north line of said Moore farm, 'to the lake shore on the west side of North Hero; 'thence, northerly, thirty rods, to the north line of said Moore 'farm; thence, on the north line of said Moore farm, to the 'place of beginning.'

The defendant also introduced parol testimony, tending to prove that the lands, the title of which was in dispute, in that action, were the same lands which are in dispute in this action, and that the jury, by their verdict in that cause, so established the north-east corner of the Moore farm, at a given point, and the line between that and the adjoining lot, in such a direction therefrom as to enable the administratrix of John Moore to recover, in that action, the seizin and possession of the same lands which are in dispute in this action. The witnesses, offered to prove the facts, were some of the jurors who sat in the trial of that cause. The plaintiff objected to the admission of this testimony; but the objection was overruled by the court, and the testimony was admitted.

The plaintiff then offered testimony, tending to prove that the north-east corner of the Moore farm, mentioned in the declaration in the suit of the administratrix of John Moore against the plaintiff, and the north line of said Moore farm, was, in fact, at the time of the trial and judgment in said suit, some thirty rods further south than where the defendant had erected his fence, and gone into possession of the land, which fence, the defendant's testimony tended to prove, was erected on the line as established by the verdict of the jury in that cause. The court decided that the line, as found and established by that verdict, was conclusive upon the parties to that suit, and that the testimony offered was inadmissible. Whereupon, a verdict was taken for the defend-

ant, by consent, (it appearing that the defendant was in possession of the premises under, and as tenant to, the administratrix of John Moore, and was possessed of all her rights) subject to exceptions. The plaintiff excepted to the aforesaid decisions of the county court.

*Smalley & Adams,* for plaintiff.

The plaintiff, by fifteen years exclusive occupation of the premises in question, claiming the same in his own right, acquired a *prima facie* right to recover in this action. To rebut this, by showing a title, as against the plaintiff, in Catharine Moore, the defendant gave in evidence the record of a recovery in an action of ejectment in her favor against the plaintiff. The judgment in that action, if it covered the premises sued for in this, is undoubtedly conclusive upon the plaintiff's right. Hence, the important inquiry, in this action was, whether the premises recovered in that, were the same as the premises sued for in this. This question must be determined by recurring to the record in that action, and fixing the location of the land, therein described. The land described in that action, commenced at the north-east corner of the Moore farm, and on the north line of said Moore farm. These are the only monuments given in that description. Hence, in order to ascertain the location of the land described in that action, it is important to ascertain the location of these monuments.

The county court, for the purpose of ascertaining the location of these monuments, permitted the defendant to prove by the jurors in the former action, where, in their opinion, from the evidence given on that trial, the north-east corner of the Moore farm was, and to prove, as stated in the bill of exceptions, where the jury, in the trial of that cause, fixed this north-east corner.

In either point of view this evidence is objectionable.

1. The opinion of that jury, as to the location of the north east corner, or the north line of the Moore farm, whether obtained by evidence in court or out of court, is inadmissible. It is, at most, mere opinion, founded upon hearsay and, therefore, not legal evidence.

2. The jury, in that action, had no power to fix the northeast corner, or the north line of the Moore farm. The most

they could do was to find the defendant, in that action, guilty of the trespass complained of, and return a verdict for the plaintiff to recover the seizin and possession of the premises described in the plaintiff's declaration. With the location of the land, described in that action, they had no concern. They had no authority to go upon the land and mark lines, nor set up monuments. The location of the land, described in the plaintiff's declaration, might, or might not, be the subject of future controversy ; but, whether it was or was not, their opinion of its location is a matter of no importance.

The parties in that action are bound by the verdict and judgment ; but that verdict and judgment, like every other written instrument, is to speak for itself, and is not to be enlarged, altered or restricted, by parol evidence.

The adoption of a different rule would lead to inextricable confusion, and would leave the parties to depend, not upon the record for the title to their lands, but upon the recollection or opinion of jurors who tried the cause. Suppose the plaintiff brings an action of ejectment for lot number one, and recovers, takes his writ of possession, and, under color of that writ, goes into possession of lot number five. Now, can he justify taking possession of lot number five by proving by some of the jurors who tried the action for lot number one, that they, upon that trial, really supposed that lot number one was located where lot number five was, in fact, located ? Yet, this must be the result if the jurors in that action, by their opinion, could locate number one. The mere statement of this proposition is sufficient to show its absurdity. But, this case goes even farther. The court below admitted the opinion of jurors who tried the former action, as to the location of the land in that action, and excluded the evidence offered by the plaintiff to prove that the land described in the suit of Moore against the plaintiff, was not the same land described in this action, of which the defendant was in possession, and to which the plaintiff had a title. Upon what principle the exclusion of this evidence can be sustained, remains to be seen.

*Harrington, Stevens and White*, for defendant.

The first question presented by the exceptions is, whether the court below committed an error, in admitting the jurors,

who sat upon a previous trial, to testify where the north line of the " Moore farm, so called," was located and establish-lished by the former verdict.

That jurymen are *competent* witnesses to prove the extent of their finding, in causes where the records, from the nature of the action, do not render it certain, seems never before to have been questioned. It is believed that no sound reason can be urged against their admissibility.

If a former recovery is a good plea in bar, then, as a matter of unavoidable necessity, after the record has shown all that records ordinarily show, parol evidence must be admitted to show the identical property adjudicated upon.

It, was proper for the defendant, by parol evidence, to prove the extent of the former recovery. It was necessary " to see whether the former verdict were for the same cause of action," as said by Lawrence, Judge, in *Seddon* v. *Tutop*, 6 Term. R. 609, which is an authority directly in point. Also, *Ravee* v. *Farmer*, 4 Term. R. 146.

It is difficult to suppose a case, where the record itself would be sufficient proof of a former recovery, without the aid of parol evidence, of the extent of the matters adjudicated, and this seems well illustrated in the case of *Outram* v. *Moorewood,* 3 East. 346.

2. The plaintiff did not offer to prove that Catharine Moore had not recovered the same lands, in the former suit, but offered to confirm that fact ; and then prove that the former verdict and judgment had established a wrong line to the *Moore farm.*

The line established by the former verdict, was conclusive upon the parties. See Statute, (Slade's Comp.) page 84, sec. 88 ; also, No. 19, page 99. It is believed, without the aid of the statute, the former recovery would have been final, as to the rights of the parties, inasmuch as the fee of the land was the matter adjudicated upon. *Kitchen et al.* v. *Campbell,* 3 Wilson, 304. 3 East, 351.

No question is now better settled, than that a recovery in any one suit, upon issue joined on matter of *title*, is forever thereafter, conclusive upon the parties, and those claiming under them. See the authorities before referred to. Also, 1 Stark. Ev. 221, 222, 223, and notes. *Seddon* v. *Tutop*, 6 Term. R. 609, 1 Swift's Dig. 752, 753, 754 and 755. Bigelow's

Dig. 460, Nos. 2, 4 and 5.   Do. 313, (C.) No. 1.   *Bachelder* v. *Hanson*, 2 Aik. R. 326.   *Dixon* v. *Sinclear*, 4 Vt. R. 354.   *Gates* v. *Goreham*, 5 Vt. R. 317.   *Dorset* v. *Manchester*, 3 Vt. R. 370.   *Walker* v. *Ferrin*, 4 Vt. R. 530.

The opinion of the court was delivered by

COLLAMER, J.—An adjudication on the merits of a cause, by a court of competent jurisdiction, is conclusive of the matter litigated, upon the parties, and all claiming under them ; and, by our statute, a judgment in ejectment is conclusive of title.   The identity of the subject matter of litigation, however, generally rests in parol. It is seldom the case that this can be settled by the record alone, as it may be avoided by a different description.   When the declaration is of a general character, as in general *indebitatus assumpsit*, though the judgment is, *prima facie*, conclusive of all that might have been given in evidence under it, yet, resort may be had to evidence to show what, *in fact*, was litigated, and of that, only, will the judgment be conclusive. This the plaintiff or defendant may be permitted to do.   So, too, the *prima facie* effect of a judgment may be qualified, even in ejectment, by showing, by parol, that the title was not, in fact, litigated ; or by showing that the judgment was against the plaintiff ; not on the title, but because he did not prove that the defendant was in possession, or because the defendant showed a temporary estate or right in himself, which has since expired.   That the identity of the subject matter of a former action, and the present one, rests, generally, in evidence out of the record, and that parol testimony may be admitted to ascertain it, is quite obvious, and fully settled by the authorities cited by the defendant's counsel, in this case.   To this point, the jurors, on the former trial, are as admissible as any other witnesses.   They were witnesses to show that the land now sued for, and of which the defendant is in possession, is, in fact, the same land, which, perhaps, under a different description, was claimed and litigated in the former suit.

In this case, it appears that John Moore died seized of a farm, in North Hero, extending across the island, from east to west, called the Moore farm, and Elihu Parks owns the

farm north of it, being the first division lot of Robert Cochran. A dispute arose in relation to the line between these farms. Parks took possession to the line, twenty-eight or thirty rods south of the line, to which Moore claimed. Catharine Moore, as the administratrix of John Moore's estate, commenced her action of ejectment against Parks, declaring for so much of the Moore farm, and describing it as beginning at the north-east corner of the Moore farm, on the lake shore, and running on the shore southerly thirty rods, and so taking a piece thirty rods wide across the island. In that action, a trial on the merits, was had, and the plaintiff recovered against Parks. It must then have been shown that Parks had gotten into possession of so much of the Moore farm, and any testimony tending to show he was not on the Moore farm, or that the north-east corner and north line of the Moore farm was further south than where the administratrix claimed, and did not include the land Parks possessed, would have been admissible. After that recovery, it appears that John A. Moore, the present defendant, under the said Catharine, and, as her tenant, went into possession of said land, and erected a fence on the north line, as claimed by her, whereupon Parks commenced this action of ejectment against him, describing the land as a part of the Cochran lot, which is his farm. Moore pleads the former recovery by the administratrix, and alleges that to be the same land ; and this is traversed by Parks. On this issue, all testimony, by parol or otherwise, which tends to show the identity of the land, was admissible, however different might be the descriptions. Moore having given the record of the former action in evidence, and closed his testimony on the subject of identity, Parks proposed, not to contradict this proof, but " to prove that the north-east corner of the Moore farm was, in fact, thirty rods further south." This testimony was very correctly rejected by the court. First, it was an attempt to try again the question which must have been tried in the former action, for it was testimony which would have been admissible on that trial, as it tended to show that the land in controversy was no part of the Moore farm. Secondly, the issue on trial was, whether this land was the subject matter of the former trial, and the testimony now offered by

the plaintiff, did not tend to settle that issue, but to impeach the former judgment, and was therefore inadmissible.

It is much insisted that the course taken with this cause would lead to confusion, as a man might recover for number one, and, under that, hold number five. The record of a recovery operates as an estoppel. The parties are not permitted to allege or prove any thing which contradicts it. If a man sues for a certain piece of land as number one, and recovers, that settles, as it respects those parties, that the defendant was in possession of a certain piece of land, that the plaintiff owned it, and that it was lot number one. Now, whenever a question again arises between the same parties, or their privies, in relation to the same land, they are not permitted to contradict either of said points, and, therefore, are not permitted to say it is number five. The only question open to litigation between them, relates to the identity, not to the description. In this case it is obvious there was no contradictory testimony, as to the identity of the land, and the court, therefore, correctly decided that the former recovery was conclusive.

Judgment affirmed.